UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE JACKSON,<br>            Plaintiff,<br>    v.<br>CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES,<br>            Defendant. | Case No.  16-cv-6410-TEH<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Plaintiff, an inmate at Correctional Training Facility, filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.

1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

II

Plaintiff states that he was notified of a potential breach regarding his personal health information. A laptop computer that may have included Plaintiff's health information was stolen out of a car of a prison health care worker. The computer was password protected but was not encrypted. Plaintiff seeks money damages.

Plaintiff has failed to state a cognizable claim because he has failed to identify a right secured by the Constitution or laws of the United States that was violated. To the extent Plaintiff is asserting a violation of his health privacy; he is not entitled to relief. The Health Insurance Protability and Accountability Act of `1996 ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of 42 U.S.C.) "provides for no private right of action." Webb v. Smart Document Solutions, 499 F.3d 1078, 1080 (9th Cir. 2007); see, e.g., Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010) (citing Webb and dismissing prisoner's claim under HIPAA for disclosure of his medical records). Plaintiff assertion that potential release of his medical information due to theft violated his constitutionally-protected privacy rights fails to state a claim because "prisoners do not have a constitutionally

protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them." Seaton, 610 F.3d at 534.  The complaint is dismissed but Plaintiff will be provided an opportunity to amend.

## III

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's Complaint is DISMISSED WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT, within twenty-eight days containing all related claims against all Defendants that Plaintiff wishes to proceed against in this action.  The pleading must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights.  See Leer, 844 F.2d at 634.  The pleading must include the caption and civil case number used in this order and the words COURT ORDERED FIRST AMENDED COMPLAINT on the first page.  Plaintiff is advised that he must file all of his claims in one complaint and not present them piecemeal to the Court in various letters and other documents.  Failure to file a proper First Amended Complaint within twenty-eight days of this order will result in the dismissal of this action.

2. Plaintiff is advised that the First Amended Complaint will supersede the original Complaint and all other pleadings.  Claims and defendants not included in the First Amended Complaint will not be considered by the Court.  See Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to

3

preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

3. It is Plaintiff's responsibility to prosecute this action.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: 11/7/2016

_____
THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.16\Jackson6410.dwlta.docx

4