UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE JACKSON, <br>     Plaintiff, <br>   v. <br> CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, <br>     Defendant. | Case No. 16-cv-6410-TEH <br><br> ORDER OF DISMISSAL |

    Plaintiff, an inmate at Correctional Training Facility, filed this pro se civil rights action under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and Plaintiff has filed an amended complaint.

I

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.

1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II

Plaintiff states that he was notified of a potential breach regarding his personal health information. A laptop computer that may have included Plaintiff's health information was stolen out of a car of a prison health care worker. The computer was password protected but was not encrypted. Plaintiff seeks money damages and the identity of the health care worker who had the computer stolen.

Plaintiff has failed to state a cognizable claim because he has failed to identify a right secured by the Constitution or laws of the United States that was violated. To the extent Plaintiff is asserting a violation of his health privacy; he is not entitled to relief. The Health Insurance Protability and Accountability Act of `1996 ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of 42 U.S.C.) "provides for no private right of action." Webb v. Smart Document Solutions, 499 F.3d 1078, 1080 (9th Cir. 2007); see, e.g., Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010) (citing Webb and dismissing prisoner's claim under HIPAA for disclosure of his medical records). Plaintiff assertion that potential release of his medical information due to theft violated his constitutionally-protected privacy rights fails to

state a claim because "prisoners do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them." <u>Seaton</u>, 610 F.3d at 534.  The complaint was dismissed with leave to amend to address the legal standards set forth above.  The amended complaint is substantially similar to the original complaint and Plaintiff has failed to demonstrate a cognizable claim.  Because allowing further amendment would be futile this case is dismissed with prejudice.

III

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's complaint is DISMISSED with prejudice for failure to state a claim.

2. The Clerk shall close this case.

IT IS SO ORDERED.

Dated: 1/3/2017

_____
THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.16\Jackson6410.dis.docx